SAMUEL COHEN *vs.* JAMES MILLAR COMPANY.

JAMES MILLAR COMPANY *vs.* SAMUEL COHEN.

Suffolk.     November 14, 1928. — January 24, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Arbitrament and Award. Contract,* Validity, Performance and breach, Rescission. *Evidence,* Presumptions and burden of proof. *Pleading, Civil,* Answer. *Practice, Civil,* Notice under Common Law Rule 37 of the Superior Court (1923), Election between counts, Ordering verdict, Exceptions. *Damages,* In contract. *Sale,* Warranty, Rescission.

An exception to the exclusion of certain evidence must be overruled if all the facts which the excepting party seeks to establish by such evidence are admitted by the other party in his pleadings.

A seller and a purchaser of shoes made an agreement in writing to submit to an arbitrator the question whether the shoes were in accordance with the contract of sale. The arbitration agreement made no provision for an award of money, but provided that the arbitrator's decision should be final and that, when filed in court, judgment might be entered on it. The arbitrator decided that certain of the shoes were in accordance with the contract of sale, and that certain of them were not, and his report was filed in court. The seller then filed a petition for judgment on the award. An answer in abatement to the petition was ordered sustained, to which order no exception nor appeal was taken. Subsequently the seller brought an action against the purchaser for the purchase price of the shoes, alleging in his declaration sale and delivery of them to the purchaser at that price, and also the making of the arbitration agreement and the arbitrator's decision thereunder. The defendant's answer contained only an allegation that the arbitration agreement was void. Under Common Law Rule

37 of the Superior Court (1923); G. L. c. 231, § 69, as amended by St. 1926, c. 381, the plaintiff filed and served on the defendant a notice to admit that the shoes were delivered; that the contract price was as therein set forth; that "The number of pairs of shoes [therein] set forth . . . were good"; and that none of the shoes were returned to the plaintiff. No admissions nor denials ever were filed. The judge ordered a verdict for the plaintiff for the purchase price. *Held,* that

(1) Under the defendant's answer, the only question open to him was the validity of the arbitration agreement;

(2) The order sustaining the defendant's answer in abatement to the petition for judgment on the arbitrator's award did not impair the arbitration agreement, since it did not constitute an adjudication of the validity of the agreement or of the arbitrator's decision; nor did it deprive the plaintiff of his rights thereunder;

(3) The submission to arbitration was not illegal;

(4) Apart from the arbitration agreement, the plaintiff was entitled to recover on the pleadings and the notice to admit facts;

(5) The verdict properly was ordered for the plaintiff.

In an action of contract, the plaintiff's declaration contained two counts. He elected to stand on the second count, and the first count did not go to the jury. The judge denied a motion by the defendant that a verdict be ordered in his favor on the first count. *Held,* that no error appeared in such denial.

With the action first above described was tried an action by the purchaser against the seller for damages for failure of the shoes to accord with the contract of sale. The plaintiff also alleged in his declaration that he had rescinded the sale. There was evidence that substantially all the shoes were delivered to the plaintiff by the defendant; that none of them were returned, and that some were sold by the plaintiff; that, in a letter to the defendant, the plaintiff stated that he was holding and intended to return the shoes which he claimed were defective; and that such shoes were not returned because the defendant's team would "not pick them up" and because the parties "began to dicker for a settlement and tried to straighten things out without a law suit." The judge refused to give certain instructions relating to the question of rescission and instructed the jury that the plaintiff had not rescinded the sale; that the rule of damages was the difference between the value of the shoes if they had been in accordance with the contract and their actual value; that there was no market value, so that their value if free from defects would be determined by the contract price plus any profit the plaintiff might have made; and that the jury should estimate damages by subtracting from that value the actual value of the shoes on all the evidence. Such instructions as to damages were confined to those shoes which the arbitrator had found not to be in accordance with the contract. The jury found for the plaintiff. *Held,* that

(1) The instructions given on the question of damages were sufficiently favorable to the plaintiff;

(2) There was no error in the judge's rulings on the question of rescission.

CROSS ACTIONS OF CONTRACT. Writs dated respectively April 30, 1924, and October 16, 1924.

The first action was by a purchaser of shoes against the seller to recover damages for failure of the shoes to accord with a sample. The plaintiff also alleged in his declaration that he had rescinded the sale. The second count of the declaration in the second action, upon which the plaintiff therein elected to stand, contained allegations that the plaintiff sold and delivered shoes to the defendant at a certain price according to an account annexed, and sought to recover $28,941, which was the purchase price less a payment on account. It also contained allegations concerning the making of the following arbitration agreement with the defendant, dated March 3, 1924, and the arbitrator's decision thereunder:

"KNOW ALL MEN BY THESE PRESENT, that James Millar Company . . . and Samuel Cohen . . . hereby agree to submit to the determination of . . . [an arbitrator], the question whether the shoes invoiced by the James Millar Company to Samuel Cohen . . . are in accordance with the contract between the James Millar Company and Samuel Cohen . . . and his decision on this question shall be . . . final and binding on the parties without any right of appeal as to any matter of fact or of law. . . .

"Such of the shoes so invoiced as are still at the factory of James Millar Company shall be delivered forthwith to the place of business of Samuel Cohen . . . . Those that are in accordance with the contract are to be paid for . . . at the contract prices. Those which have already been shipped out by Samuel Cohen need not be examined by the arbitrator and are to be paid for at the contract prices and at the times set forth in the contract. Those which the arbitrator reports not to be commercially in accordance with the contract are to be disposed of or treated as James Millar Company and Samuel Cohen may hereafter agree. Samuel Cohen will examine the shoes at once on receipt and disclose to the arbitrator which of them he claims not to be in accordance with the contract. The others shall be taken by the arbitrator to be in accordance with the contract without ex-

amination. The award of the arbitrator on the question submitted as aforesaid, deposited in the office of the Clerk of the Superior Court for Suffolk County for Civil Business . . . , shall be final and all rights of appeal therefrom or review thereof or changes therein as to fact or law are hereby waived and the parties agree that judgment of the Superior Court pursuant to said award shall be entered forthwith in the Superior Court."

Findings by the arbitrator are described in the opinion.

Further pleadings in both actions are described in the opinion.

The actions were tried together in the Superior Court before *Macleod*, J. There was testimony by Cohen's manager, Finke, that substantially all the shoes "came into . . . Cohen's place of business and . . . never went back to the James Millar Company's place of business." Cohen's letter of February 14, 1924, to James Millar Company, mentioned in the opinion, was in part as follows:

"As you contend that the shoes you are shipping are O.K. we repeat that they are defective and not up to sample. We, therefore, rescind this entire contract and hold you for all damages which may result. Do not ship us any further merchandise. We are holding all shoes you have shipped up to date, with the exception of those we have found to be O.K., and sent to the trade; subject to your disposition, and should we not have shipping instructions on or before Tuesday of the coming week, we will return such shoes as we have on the floor to you."

In his testimony Finke, after his attention was called to the foregoing passage in the letter, was asked whether he did return some shoes to James Millar Company, and testified that he did not carry out his threat of rescission because the James Millar Company team would not pick up the shoes, and "Then the following day, he thought, they came to some agreement, that is, they began to dicker for a settlement and tried to straighten things out without a law suit the next day."

At the close of the evidence, the judge ordered a ver-

dict for the plaintiff in the second action in the sum of $33,084.95.

In the first action, he instructed the jury in substance that Cohen had not rescinded the sale, and further instructed the jury relative to damages as follows:

"The rule of damages is the difference between the value of the goods if they had been up to the specifications, the difference between that value and the value of the defective goods as actually furnished. . . .

"But here the testimony is that these goods were goods manufactured according to a special order, that they were not things you could go and pick up in the market, but they were specially made to Mr. Cohen's order.  There being no market price, the value of those goods in an adequate condition free from defect, would be determined by the contract price which he was to pay for them, and in addition to that you would properly figure any profit that he might have made upon the goods if they had been up to standard. . . .

"Having found what the value of those goods were, including the profit if any, you are then to say how much those shoes were worth [on all the testimony].  . . . and having found that subtract that from the other figure and estimate the damage."

These instructions were confined to the shoes which the arbitrator had found to be defective, the judge saying, "In so far as the shoes that were good are concerned, . . . the finding of the arbitrator is conclusive . . . ."  The jury found for the plaintiff in the first action in the sum of $5,517.50.  Cohen alleged exceptions in both actions.

*J. J. Cummings,* (*F. N. Cummings* with him,) for Cohen.

*E. F. McClennen,* for James Millar Company.

CARROLL, J.  The plaintiff in the first case, hereinafter called Cohen, brought on April 30, 1924, an action against James Millar Company, hereinafter referred to as Millar, to recover for Millar's failure to manufacture for Cohen shoes according to sample.  In the second action, brought October 16, 1924, Millar alleged a debt from Cohen of a balance of $28,941 for shoes sold and delivered.  In the second count

of Millar's declaration he alleged together with other allegations that after the delivery of the shoes, he made an arbitration agreement in writing with Cohen under which the arbitrator decided that the shoes, with certain described exceptions, were according to the contract.

To the first count in Millar's declaration, which was on an account annexed, Cohen's answer was a general denial and payment; to the second count he entered a plea in bar, alleging that the award of the arbitrator had been filed in court on March 20, 1924; that Millar had filed a petition for judgment thereon, which petition was denied. After this Cohen filed a motion "to amend his answer to the second count entitled 'Plea in Bar.'" In the amended answer he alleged that the agreement for arbitration was void. The amended answer made no denial of the sale and delivery of the shoes at the contract price, that the agreement of arbitration was made, and that the report of the arbitrator was completed, nor did it deny that all conditions had been fulfilled which entitled Millar to performance of this agreement of arbitration. Under the second count therefore the only question open to Cohen was that the court had previously rejected the award and that the arbitration agreement was void.

Millar filed a replication to Cohen's plea in bar admitting that Millar brought an action on April 11, 1924, on the award of March 20, 1924, and asked for judgment on the award; that Cohen urged that no such order of judgment could be entered in an action at law; that Cohen's answer in abatement was sustained; that no exceptions or appeal was taken from this ruling; that the validity of the arbitrator's decision has never been adjudged and no application for a judgment in money under said award or upon which an execution could issue has ever been made.

Before the trial the plaintiff Millar filed and served a notice to Cohen under Common Law Rule 37 of the Superior Court (1923), G. L. c. 231, § 69, St. 1926, c. 381, to admit facts, including the fact stated that the shoes in question were delivered at Cohen's place of business, that the contract price was as set out in Item 1; that "The number of pairs of

shoes set forth in this item, were good"; and that none of the shoes in this item have been returned to the plaintiff. No admissions or denials to this notice have ever been received or filed.

The actions of Cohen against Millar, and Millar against Cohen were tried together. Millar in the action against Cohen elected to stand on the second count. In that action the judge directed a verdict for Millar in the sum of $33,084.95 on the second count. Cohen recovered a verdict of $5,517.50. The cases are before us on Cohen's exceptions.

Cohen offered the record of the court in the former action of Millar against Cohen showing that the plaintiff's petition for judgment was denied. This was excluded and Cohen excepted. The replication of Millar admitted all that Cohen could show by this record. The replication alleged that the plaintiff Millar petitioned for judgment on the award; that the defendant filed a plea in abatement, which was sustained; that the plaintiff filed no exceptions or appeal. The defendant Cohen was not in any way harmed by excluding the evidence. All that he could show by the court record was admitted by Millar's pleadings.

The refusal of the judge to enter judgment in the former action did not impair the arbitration agreement. The parties agreed to submit to arbitration the question whether the shoes made by Millar for Cohen were in accordance with the contract between them, the award to be final. The arbitrator made no money award and the agreement appointing him called for none. The action of the judge in allowing the plea in abatement and refusing to enter judgment on the award was not an adjudication on the validity of the award. If the judge refused to enter judgment because the arbitration agreement did not provide for the amount of money to be paid, and no money award was made, the agreement was not impaired, and between the parties it was none the less binding as to the matters therein agreed to. It is difficult to see what judgment could have been entered on the award in an action at law. The fact that the arbitration agreement provided for the entry of judgment did not give the judge the

right to enter judgment, and did not affect the validity of the agreement.

The award of the arbitrator, according to the agreement, when filed in the clerk's office was to be final. See *Prentiss* v. *Wood*, 132 Mass. 486. The former judgment of the court allowing the plea in abatement did not deprive Millar of his rights under the agreement. *Hubbell* v. *Bissell*, 15 Gray, 551. See *Foster* v. *Durant*, 2 Cush. 544; *Prentiss* v. *Wood, supra.* ·

There was nothing illegal in this submission to arbitration. It was not an attempt to oust the courts of their jurisdiction. It was an agreement as to a subsidiary or auxiliary matter in aid of an action at law. See *Wood* v. *Humphrey*, 114 Mass. 185, 186. Cohen relies on *Deerfield* v. *Arms*, 20 Pick. 480. That case is to be distinguished because there an attempt was made to submit matters under the statute; as the submission was inoperative as a statutory submission, it could not be enforced as a submission at common law. *Tudor* v. *Peck*, 4 Mass. 242, and *Bauer* v. *International Waste Co.* 201 Mass. 197, are not in conflict with what is here decided.

Cohen made no answer to Millar's demand to admit facts under Common Law Rule 37 of the Superior Court (1923), which provided that if no answer is made to the demand within ten days "the truth of the fact or the execution of such paper shall, for the purposes of that case . . . be held to be admitted." Apart from the arbitration agreement, on the facts alleged in the second count Cohen, not having made any response to Millar's demand to admit the facts alleged in the second count, was bound thereby, and on this ground Millar could recover on the second count.

There was no error of law in refusing to direct a verdict for Cohen on the first count in the case of Millar against Cohen. Millar elected to go°to the jury on the second count. The first count did not go to the jury. In Millar against Cohen the court directed a verdict for the plaintiff. In this case Cohen asked for certain instructions to the jury. There is nothing in his exception to the refusal to give these instructions.

In the case of Cohen against Millar, the judge's charge to the jury covered the plaintiff's requests, as far as they were applicable. The judge told the jury that certain of the shoes which Millar was to manufacture were defective; that these shoes were manufactured according to a special order. "There being no market price, the value of those goods in an adequate condition free from defect, would be determined by the contract price which he was to pay for them, and in addition to that you would properly figure any profit that he might have made upon the goods if they had been up to standard." This instruction was sufficiently favorable to Cohen. He recovered damages for the imperfect shoes. The instructions to the jury were just to him. He cannot complain that he was harmed by the refusal to give certain instructions bearing on the question of the rescission. We do not understand that the contract was rescinded by the return of the shoes. Many of the shoes were invoiced, delivered and retained by Cohen after the attempted rescission by him in his letter of February 14, 1924, and the explanation given by the witness Finke was not sufficient to show a rescission. But, even if there were evidence for the jury of the rescission of the contract, this would reduce and not increase the damages which Cohen was entitled to recover in his action against Millar. The greater the number of shoes for which Cohen must pay the greater the number of shoes for which he might be allowed damages. The jury were fully instructed on the question of damages and we do not think that Cohen was prevented by the action of the judge from recovering in full for the damages he sustained.

We have examined all of the exceptions by Cohen to the failure to give certain instructions, to the instructions given, and to the exclusion of evidence. Considering the state of the pleadings in the case of Millar against Cohen, the defendant's refusal to answer the plaintiff's requests to admit facts under Common Law Rule 37 of the Superior Court (1923), particularly that the number of pairs of shoes in item 1 of Exhibit A were delivered to Cohen, that the number "of pairs of shoes . . . were good," that none of the shoes in this item were returned, and taking into account the issue

involved in the case of Cohen against Millar, we find no error harmful to Cohen in the rulings of the judge. In each case the exceptions are overruled.

*So ordered.*