**BOWER**

v.

**EASTERN AIRLINES, Inc.**

**No. 11243.**

United States Court of Appeals Third Circuit.

Argued March 2, 1954.

Decided June 21, 1954.

Samuel Kagle, Philadelphia, Pa. (Oscar Brown, Philadelphia, Pa., on the brief), for appellant.

W. Glenn Harlan, Atlanta, Ga. (Walter B. Gibbons, Philadelphia, Pa., Gambrell, Harlan, Barwick, Russell & Smith, Atlanta, Ga., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

With jurisdiction predicated solely upon diversity of citizenship, this proceeding was instituted in a federal district court by Bower, a citizen of Pennsylvania and a discharged commercial airplane pilot against his recent employer, Eastern Air Lines, Inc., a Delaware corporation, for damages for wrongful termination of his employment. The pleadings and the record do not inform us where Bower was hired or where he was discharged. New York seems to have been his flying base, and the administration of Eastern operations seems to have involved headquarters activities in Florida, New York and New Jersey. But beyond that, we can only guess where the relevant transactions occurred. In these circumstances we cannot be sure what law creates the cause of action the plaintiff asserts. However, considerations hereinafter stated make possible a decisive disposition of this case.

The pleadings and supporting affidavits show that when notified of the termination of his employment, Bower sought and obtained review of that decision through established procedure of appeal within the Eastern organization. The highest Eastern reviewing authority sustained the dismissal. He next elected to challenge the company's action by appeal to the Eastern Air Lines Pilots' System Board of Adjustment. This Board had been established pursuant to an agreement of Eastern and its pilots as an agency to consider and settle many of their disputes. It was a continuing board with two regular members selected by the employer and two selected by the employees. The agreement provided that the Board's decisions should be "final and binding upon the parties." The Board granted Bower a full hearing at which he was represented by counsel and testified. Thereafter the Board rendered its decision as follows:

"The Board finds that the Company had just and reasonable cause for the discharge of Captain J. Stanley Bower; and

"The Board hereby unanimously sustains the action of the Company in discharging Captain Bower from its employ."

In these circumstances the nature and legal effect of the decision of the System Board are so central to the problem of this case as to deserve somewhat more elaborate exposition. Title II of the Railway Labor Act, as added by the Act of April 10, 1936, 49 Stat. 1189, 45 U.S.C.A. § 184, provides, in Section 204, that certain disputes between common carriers by air and their employees, if not adjusted in the usual manner, "may be referred by petition * * * by either party to an appropriate adjustment board, as hereinafter provided". 45 U.S.C.A. § 184. This section then proceeds to make it the duty of each carrier and its employees to set up a board of adjustment with jurisdiction not exceeding that of comparable railroad adjustment boards. Under this statutory mandate and authorization Eastern and its employees have set up the System Board of Adjustment involved in this case. It was established with authority to decide such controversies as the present one and with explicit agreement of the contracting parties

that "decisions of the Board in all cases properly referable to it shall be final and binding upon the parties thereto."

In his present quest for a judicial award of damages Bower is asking that a court consider *de novo* the circumstances of his discharge and whether they show legal cause for the termination of his employment. It is clear that the same issues and subject matter were before the System Board. However, appellant would have the court disregard the decision of the board and arrive independently at a contrary decision.

Eastern moved for summary judgment. Bower opposed the motion. Both parties filed affidavits. The entire administrative record, including the transcript of the hearing before the System Board of Adjustment, was also submitted and considered on this motion. Thus advised, the district court concluded that Bower had received full and fair consideration at the hands of the System Board and was bound by its decision. Accordingly, without review of the merits of the administrative decision, the complaint was dismissed and Bower has appealed. Was the district court wrong in thus treating the decision of the System Board of Adjustment as binding upon Bower?

This is not a suit for the enforcement or review of the administrative decision. Therefore, Bower has to treat that decision as of no legal effect, or at least as vulnerable to collateral attack. One consequence of this is to make inappropriate his present reliance upon our decision in Dahlberg v. Pittsburgh & L. E. R. Co., 1943, 138 F.2d 121. We there considered how far a court should go in examining the merits of a controversy when it was asked to enforce an award made in attempted settlement of that controversy by the Railroad Adjustment Board. A court may feel obligated to make at least a limited inquiry into the correctness of an administrative decision it is asked to enforce without recognizing any equivalent obligation to go behind that decision when it is in-

volved collaterally in an independent proceeding. Indeed, Washington Terminal Co. v. Boswell, 1941, 75 U.S.App.D.C. 1, 124 F.2d 235, upon which we relied in the Dahlberg case, makes such a distinction between a proceeding to enforce a Railroad Adjustment Board order and a collateral attack upon it. We noted that distinction in the concluding paragraph of our opinion.

■ Pursuing a different analogy, appellant in his brief suggests that justification for what he asks here is to be found in judicial treatment of decisions of boards of arbitration where the parties have agreed that the award in arbitration shall be final and binding. But we think it is the general rule that a court will not review the merits of a common law arbitration award which the parties have agreed to accept as final. Firemen's Fund Ins. Co. v. Flint Hosiery Mills, Inc., 4 Cir., 1935, 74 F.2d 533, 104 A.L.R. 556; Cohen v. James Millar Co., 1929, 266 Mass. 55, 164 N.E. 820; Oskaloosa Savings Bank v. Mahaska County State Bank, 1928, 205 Iowa 1351, 219 N.W. 530, 60 A.L.R. 1204. Closer to the present case, essentially the same position has been taken with reference to Railroad Adjustment Board decisions under Title I of the Railway Labor Act. Michel v. Louisville & N. R. Co., 5 Cir., 1951, 188 F.2d 224; Reynolds v. Denver & Rio Grande Western R. Co., 10 Cir., 1949, 174 F.2d 673; Hicks v. Thompson, Tex.Civ.App.1948, 207 S.W.2d 1000; cf. Elgin, J. & E. Ry. Co. v. Burley, 1945, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886. This line of cases is based upon the accepted view of such adjustment board decisions, stated by Justice Rutledge, speaking for the Court of Appeals of the District of Columbia in Washington Terminal Co. v. Boswell, supra:

"* * * we do not believe Congress intended that [adjustment board awards] should be circumvented by * * * judicial * * * determination de novo of the merits of the controversy. * * *

"Congress intended the Board to be and to act as a public agency, not as a private go-between; its awards to have legal effect, not merely that of private advice." 124 F.2d at pages 240, 244.

■ There has yet been but little judicial consideration of the status of the analogous adjustment boards in the aviation field as more recently established under Title II of the Railway Labor Act, but we see no more reason in this case than in those already cited for permitting a party who has submitted a dispute about his employment to an adjustment board for agreed "final and binding" disposition and has obtained such a decision, to obtain thereafter a second and independent consideration of the same issues by a court, unimpeded by the administrative ruling. Hartley v. Pan American Airways, D.C. N.D.Cal.1951, 98 F.Supp. 247; cf. Baltimore & Ohio R. Co. v. Brady, 1933, 288 U.S. 448, 53 S.Ct. 441, 77 L.Ed. 888; Seatrain Lines, Inc., v. Pennsylvania R. Co., 3 Cir., 1953, 207 F.2d 255. Whether we say that the party is bound by his own voluntary election between an administrative and an alternative judicial remedy, or describe the party who initiated the administrative proceeding as estopped from denying its agreed final and binding character, or view this as an application of the rationale of *res judicata* in a new area, we are satisfied that the court should declare and enforce a rule of repose against the reexamination of the merits of plaintiff's claim in this case.

We have not overlooked plaintiff's contention that under Transcontinental & Western Air v. Koppal, 1953, 345 U. S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, his submission to the System Board of Adjustment was a legal prerequisite to the maintenance of the present action at law rather than a freely chosen alternative procedure. We understand that case differently. It, like Moore v. Illinois Central Railroad Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, with which its holding is explicitly squared, merely recognizes the duty of a federal court in a diversity action for wrongful termination of employment to require the plaintiff to show whatever exhaustion of administrative remedy may be prerequisite to suit under the procedural law of the forum.

In the present case nothing has been pointed out to us and we have found nothing to suggest that in Pennsylvania a suit for wrongful termination of employment must be preceded by any administrative procedure beyond an unqualified dismissal that is no further reviewable within the employer's organization. Thus, Bower, did not have to obtain a System Board ruling on his contentions before invoking the jurisdiction of the district court. Cf. Moore v. Illinois Central Railroad Co., supra. Nevertheless he sought and obtained from that Board a decision on the merits of his case. For the reasons already stated, the district court properly treated that ruling as decisive.

■ This does not foreclose the consideration of questions of jurisdiction or of the essential fairness of the administrative proceeding, even when these issues are raised collaterally. In this case, perhaps anticipating that we might approve a collateral challenge restricted to the jurisdiction of the Board and the essential fairness of its procedure, Bower has alleged generally that the Board's decision was arbitrary. But examination of his specific claims as shown by his supporting affidavits and his arguments shows that he is really talking about alleged mistakes of law and erroneous evaluation of evidence. In substance he asserts that the administrative procedure was irregular in certain of its details, that irrelevant matter was considered by the Board, that hearsay was received, and that his own conduct of which Eastern complained was not serious enough to justify his dismissal. The district court refused to consider objections of this sort. Instead, and properly, it confined itself to such inquiry as was neces-

sary to determine whether the Board had given the plaintiff a full and fair hearing and had exercised its honest judgment in reaching its conclusions and decision on the full record.

■ Finally, we make separate mention of Bower's only contention which in any way challenges the integrity of the administrative proceeding. He complains that Chairman Shannon, a regular member of the System Board of Adjustment duly designated as such by the employer, had already participated in the company's decision against Bower. There was evidence indicating at least that in his capacity as a company executive, Shannon had been informed of the basis of the initial decision to discharge Bower and had informally approved it. Whether this circumstance might have disqualified him from sitting upon this Board of employer and employee representatives we need not decide. Cf. Firemen's Fund Ins. Co. v. Flint Hosiery Mills, supra. For Shannon was already known to be a member and the chairman of the Board when Bower and his counsel elected to seek reinstatement through the Board. Shannon's relationship to the case at its earlier consideration within the Eastern organization was discussed at the hearing before the System Board. No claim of surprise was made and no question was raised as to this member's qualification. Indeed, counsel who represented Bower both then and now expressed himself at the administrative hearing as confident of the ability of the members of the Board to consider and dispose of the case in an impartial way. Thus, the employee, knowing of the facts of which he now complains, was willing that the Board adjudicate his grievance. It was only after he had obtained an unfavorable decision that he undertook to disqualify a Board member. This challenge comes too late. If there was a basis of complaint originally, it has been waived. Chicago, R. I. & P. Ry. Co. v. Union Pac. R. Co., 8 Cir., 1918, 254 F. 235; San Carlo Opera Co. v. Conley, D.C.S.C.N.Y. 1946, 72 F.Supp. 825.

The judgment will be affirmed.