William V. FICEK, Appellant,

v.

SOUTHERN PACIFIC COMPANY, a Delaware corporation, Appellee.

No. 19066.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1964.

Rehearing Denied Dec. 22, 1964.

Charles O. Porter, Porter & Bach, Eugene, Or., for appellant.

W. A. Gregory, W. R. Denton, San Francisco, Cal., Koerner, Young, McColloch & Dezendorf, Lewis K. Scott, Portland, Or., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and FRED M. TAYLOR, District Judge.

BROWNING, Circuit Judge.

Ficek sued Southern Pacific for damages for breach of contract of employment as a conductor. The gravamen of Ficek's complaint was as follows: In settling a prior personal injury action,

Southern Pacific had agreed that Ficek could return to duty if he underwent back surgery, and was certified by Southern Pacific's chief surgeon; as physically qualified to perform the required duties Ficek submitted to surgery and became physically fit to return to work, thus complying with the conditions of the agreement; however, certification of physical fitness was arbitrarily and unreasonably refused, and, solely for lack of such certification, Southern Pacific rejected Ficek's application to return to work.

Southern Pacific moved for summary judgment on the ground that the dispute had been submitted to arbitration and decided adversely to Ficek under an agreement between Ficek's union and Southern Pacific which provided that "such awards shall be final and binding upon both parties to the dispute." Summary judgment was entered for Southern Pacific and Ficek appeals.

■ Ficek recognizes the general rule that a court will not examine the merits of a dispute which the parties have submitted to arbitration under an agreement to be bound by the award. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Henderson v. Eastern Gas & Fuel Associates, 290 F.2d 677, 680 (4th Cir. 1961); Woolley v. Eastern Air Lines, Inc., 250 F.2d 86, 90 (5th Cir. 1957); Sigfred v. Pan American World Airways, 230 F.2d 13, 17 (5th Cir. 1956); Bower v. Eastern Airlines, 214 F.2d 623, 625 (3d Cir. 1954); Charman v. Pan American Airways, 188 F.2d 875 (9th Cir. 1951). He contends, however, that an arbitration award may be collaterally attacked if the arbitrators are without "jurisdiction," or if their decision lacks "essential fairness"; and that both infirmities were present in this instance.

## I

The arbitration agreement involved in this case provided that the arbitration board "shall have jurisdiction of claims and grievances, including discipline, submitted to it under this agreement, arising out of the interpretation of agreements governing wages, rules, or working conditions, between the carrier and [Ficek's union]." Ficek contends that his claim did not arise out of an interpretation of the collective bargaining agreement, but rather an interpretation of the private settlement agreement between himself and the railway, and that the arbitrators were therefore without power to decide it.

We think the argument unsound for two reasons.

■■ (1) It is true that arbitration is a matter of contract, and that one is bound by an award only if he agreed to submit the issue to arbitration.[1] But an agreement to arbitrate a particular issue need not be express—it may be implied from the conduct of the parties. Ficek concedes that the precise issue which he now seeks to litigate was in fact submitted to the arbitrators. Even if the initial arbitration clause was not broad enough to include Ficek's claim, by voluntarily submitting the dispute to arbitration, Ficek and the railway "evinc[ed] a subsequent agreement for private settlement which would cure any defect in the arbitration clause." Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 809 (2d Cir.

1. See, e.g., Kansas City Luggage & Novelty Workers v. Neevel Luggage Mfg. Co., 325 F.2d 992, 994 (8th Cir. 1964); United Steelworkers v. Northwest Steel Rolling Mills, Inc., 324 F.2d 479 (9th Cir. 1964); Textile Workers v. American Thread Co., 291 F.2d 894, 896–897 (4th Cir. 1961); Local 791, Int'l Union of Elec., Radio & Mach. Workers v. Magnavox Co., 286 F.2d 465 (6th Cir. 1961). See also, John Wiley & Sons v. Livingston, 376 U.S. 543, 546–547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); Drake Bakeries Inc. v. Local 50 Am. Bakery & Confectionery Workers, 370 U.S. 254, 256–257, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

1960). See also, York & Cumberland R. R. v. Myers, 59 U.S. (18 How.) 246, 253, 15 L.Ed. 380 (1855); Mutual Benefit Health & Acc. Ass'n v. United Cas. Co., 142 F.2d 390, 394 (1st Cir. 1944).

The rule is sometimes stated in terms of waiver: A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act. Woolley v. Eastern Air Lines, Inc., 250 F.2d 86, 91 (5th Cir. 1957); Symposium, 58 Nw.U.L.Rev. 521, 523 n. 13 (1963); Anno., 24 A.L.R.2d 752, 759 (1952). See also, United Steelworkers v. Northwest Steel Rolling Mills, Inc., 324 F.2d 479, 482 (9th Cir. 1963); Bower v. Eastern Airlines, 214 F.2d 623, 626 (3d Cir. 1954); Michel v. Louisville & N. R. Co., 188 F.2d 224, 227 (5th Cir. 1951).

Ficek's suggestion that the subject-matter "jurisdiction" of the arbitrators could not be enlarged by the conduct of the parties misapplies the analogy—the authority of the arbitrators, unlike that of a court, was rooted in the parties' consent.

(2) In any event, we think Ficek's claim was one "arising out of the interpretation" of the bargaining agreement governing Ficek's wages and working conditions. His submission to company officials and ultimately to the arbitrators was cast in the form of an application to displace a named junior conductor from a particular assignment, in accordance with Ficek's asserted seniority rights under the collective bargaining agreement. The claim also included an alternative request for an evaluation of his physical condition by a panel of three doctors, in accordance with procedures established by collective bargaining agreement for finally determining a conductor's fitness for service. Thus, the arbitrators were required to determine the extent to which provisions of the collective bargaining agreements were supplanted by Ficek's private settlement

agreement. A claim requiring such a determination is one "arising out of the interpretation of" the collective bargaining agreement, even though its immediate focus is the meaning of the language of the private agreement.[2]

At least we cannot say "with positive assurance the arbitration clause is not susceptible of an interpretation that covers the asserted dispute" (United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)), particularly since both parties, by their conduct, demonstrated that they construed the clause to include the claim—"a factor which is of persuasive significance in determining that arbitration was the proper means of settlement of the issue." Henderson v. Eastern Gas & Fuel Associates, 290 F.2d 677, 680 (4th Cir. 1961). See also United Steelworkers v. Northwest Steel Rolling Mills, Inc., 324 F.2d 479, 482 (9th Cir. 1963); Charman v. Pan American Airways, 188 F.2d 875, 877 (9th Cir. 1951).

## II

Ficek relies upon the statement in Bower v. Eastern Airlines, 214 F.2d 623, 626 (3d Cir. 1954), that "the essential fairness" of the arbitration proceeding is subject to judicial examination. But this means only that the court may decline to recognize an award if the arbitration proceeding does not meet minimal requirements of fairness—notice, "a full and fair hearing," and a decision based on the "honest judgment" of the arbitrators. It does not mean that the award may be examined for "alleged mistakes of law and erroneous evaluation of evidence." 214 F.2d at 626–627. In effect, Ficek asks the court to review the substantive fairness of the award on the merits. That the court may not do. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Affirmed.

2. Compare, Gunther v. San Diego & Arizona Eastern Ry., 336 F.2d 543 (9th Cir. 1964).