HOLBROOK, APPELLANT, *v.* DANA CORPORATION,
SPICER TRANSMISSION DIVISION, ET AL., APPELLEES.

(No. L-79-355—Decided December 19, 1980.)

*Mr. Kirk Delli Bovi,* for appellant.
*Messrs. Fuller, Henry, Hodge & Snyder, Mr. Paul M. Smart, Mr. Charles R. Leech, Jr.,* and *Mr. Ray A. Farris,* for appellees.

BROWN, J. Plaintiff-appellant, Danny D. Holbrook, on behalf of himself and all other similarly situated employees of Dana Corporation, Spicer Transmission Division, appeals from the final judgment of the Court of Common Pleas of Lucas County, denying his motion for certification of the case as a class action, denying leave to file an amended complaint and dismissing, with prejudice, the action as to plaintiff and all members of plaintiff's alleged class.

This action was filed on March 15, 1978, by plaintiff, Danny Holbrook, an employee of defendant Dana Corporation, Spicer Transmission Division (hereinafter referred to as Dana Corporation), on behalf of himself and all other similarly situated employees of Dana Corporation, alleging a breach of the collective bargaining agreement between Dana Corporation and plaintiff's union. The alleged breach occurred in the recoupment and return to the supplemental unemployment

benefits trust fund of supplemental unemployment benefits (SUB) overpayments when, allegedly, "the benefits received were paid pursuant to the defendant's [Dana Corporation's] contractual obligation without any repayment obligations." Defendants' (the Joint Board of Administration is also a defendant herein) answers denied any breach of the collective bargaining agreement and asserted, *inter alia,* the defense of lack of subject matter jurisdiction. This defense was based primarily on the acknowledged fact that the precise question sought to be raised in this cause, the recoupment question, had been voluntarily submitted to, and determined by, defendant Joint Board of Administration (hereinafter referred to as the Joint Board), whose decision was final, binding and unappealable under the express terms of the collective bargaining agreement.

Plaintiff filed his motion for certification as a class action on October 5, 1978. Defendants filed their brief in opposition to this motion, asserting, *inter alia,* that no class could exist as neither plaintiff nor any members of the purported class had a legally cognizable right for the alleged violation for which they might invoke the jurisdiction of the court. Plaintiff's reply brief on the certification motion expressly recognized that "the question posed on the certification motion is whether, having exhausted his remedies, plaintiff and the members of his purported class are bound by a contractual provision depriving him of his right to have the claim adjudicated in the courts."

A subsequent hearing on several pending motions posed the question of whether the final and binding character of the decision of the Joint Board on plaintiff's claim constituted an unconstitutional "denial of accessibility to the courts."

Defendants timely served and filed their post-hearing brief on November 27, 1978. On December 6, 1978, plaintiff filed a motion for leave to file an amended complaint. On the same date, plaintiff improperly caused his proposed amended complaint to be filed by presenting a copy to the clerk of courts. On December 15, 1978, defendants served and filed their reply to plaintiff's post-hearing brief, and, thereupon, defendants suggested to the trial court that the case was in proper posture for dismissal for lack of subject matter jurisdiction, pursuant to Civ. R. 12(H)(2).

The trial court rendered its decision on June 13, 1979. The journal entry provides, in part, as follows:

"Upon consideration of the briefs and arguments the Court finds that the Motion for Certification as Class Action is not well taken since plaintiff has not pled a legal right existing in himself and the members of the purported class by which the jurisdiction of this Court might be invoked.

"The Court further finds that plaintiff's Motion for Leave to File an Amended Complaint is not well taken. It is apparent to the Court that the plaintiff, by its amended complaint as tendered, attempts to avoid the legal consequences arising from a hearing on the Motion for Certification as a Class Action. However, changing the name of the relief sought, as plaintiff attempts to do in its tendered amended complaint does not change the nature of the action.

"Finally, with respect to the nature of the cause of action alleged, the Court is able to determine from the pleadings, the motions and the extensive briefs filed herein and the arguments thereon, that the Court does not have jurisdiction of the subject matter involved and, therefore, orders the case dismissed with prejudice pursuant to Civil Rule 12(H)(2).

"In view of the Court's rulings herein, the Motion of plaintiff to Compel Discovery is ordered overruled and the Motion of the defendant to Stay Discovery is considered moot."

Final judgment was entered by the Court of Common Pleas on November 26, 1979. The trial court also filed findings of fact found separately from conclusions of law on the same date. Thereupon, plaintiff filed a notice of appeal.

Plaintiff and all of the purported members of his alleged class have been, at all times pertinent to this action, hourly rated employees of Dana Corporation. At all times pertinent, plaintiff and all of the purported members of his alleged class have been members of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and of Local 12, Toledo Production and Maintenance Unit (hereinafter referred to as the Union).

Dana Corporation and the Union have a collective bargaining relationship for a collective bargaining unit, which includes plaintiff and his alleged class; and, pursuant to that relationship, Dana Corporation and the Union have negotiated the Dana-UAW Supplemental Unemployment Benefit Plan.

Under the SUB plan, laid-off workers who meet the eligibility requirements receive SUB payments to make up the difference between state and federal unemployment benefits and 95 percent of their salary prior to layoff. Each SUB plan, involved herein, specifically states that "it is the purpose of this Plan to Supplement State System Benefits and not to replace or duplicate them."

Plaintiff and the members of his alleged class received SUB benefits while on layoff during all or a portion of the period from April 20, 1975, to April 1, 1976. Subsequent to the receipt of these SUB benefits, the Union, on behalf of plaintiff and the members of his alleged class, filed a petition with the United States Department of Labor for a certificate of eligibility for Dana Corporation employees under the Trade Act of 1974 (Sections 221 *et seq.* of Public Law 93-618, Title II; 88 U. S. Stat. 2019 *et seq.*; Sections 2271 *et seq.*, Title 19, U. S. Code), whereby employees in industries adversely affected by foreign trade are eligible for Trade Readjustment Allowance (TRA) benefits.

The certificate of eligibility was granted for the period from April 20, 1975, to April 1, 1976, and plaintiff and the purported members of his alleged class became eligible for, and retroactively received, TRA benefits for that period.

Dana Corporation then made written determinations, under the SUB plan, that, due to the subsequent payment of TRA benefits, overpayments of SUB benefits had been made and affected employees must refund the amount of the overpayments.

These determinations were challenged under the SUB plan by the Union, on behalf of plaintiff and the purported members of plaintiff's alleged class, and such challenges were ultimately taken through the appeal procedure of the SUB plan to the Joint Board. The appeal procedure, under the SUB agreement, is exclusive and results in final, binding, nonappealable decisions by the Joint Board. The Joint Board, composed of six members, three of whom are appointed by the Union and three of whom are appointed by Dana Corporation, has ultimate responsibility for determining eligibility under the terms of the SUB agreement and for hearing all appeals concerning alleged violations of the SUB plan.

The Joint Board decided that both of the parties to the

SUB plan, Dana Corporation and the Union, not only had the right, but the responsibility under the SUB plan, to recoup the SUB overpayments and to place those monies back into the SUB Trust Fund.

Plaintiff's two assignments of error* attack (1) the dismissal of the action for lack of subject matter jurisdiction by the trial court, and (2) the denial of plaintiff's motion for class action certification of the case and the denial of leave, to plaintiff, to file an amended complaint.

The assignments of error are not well taken. Plaintiff contends that the Court of Common Pleas had jurisdiction of the subject matter and, *ipso facto,* erred in dismissing the action for lack of subject matter jurisdiction. In support thereof, plaintiff contends that the Joint Board exceeded its jurisdiction and powers when it reviewed the SUB recoupment issue submitted to it by the Union. This contention and argument of plaintiff is without merit for the following reasons.

The 1973-1976 SUB agreement is controlling, which, in Section 2.1, provides:

"A. It is the purpose of this Plan to supplement State System Benefits *and not to replace or duplicate them.*" (Emphasis added.)

In furtherance of the plan's stated purpose, and to maintain the financial integrity of the SUB Trust Fund, Dana Corporation made a written determination and notified employees that they would be required to repay the SUB Trust Fund any SUB overpayments that would result from the employee's subsequent eligibility for, and retroactive receipt of, TRA benefits under the Trade Act of 1974. TRA constitutes a "State System Benefit" under the definitions of the SUB plan, and, thus, any prior receipt of SUB payments for the same period of time, as that subsequently determined to be the TRA eligibility period, constitutes a duplication of a state system benefit.

The Union, on behalf of the affected employees, objected

---

* Plaintiff's assignments of error are as follows:

"1. The lower court erred in dismissing the action for lack of jurisdiction over the subject matter.

"2. The lower court erred in denying plaintiff's motions for class action certification, for an order compelling discovery, and for leave to file an amended complaint, since the court's decisions were all predicated on the erroneous assumption that it lacked subject matter jurisdiction."

to Dana Corporation's written determination, and, ultimately, submitted the question to the Joint Board pursuant to the appeal procedures set forth in the SUB plan. The question, as phrased and presented by the Union, was "whether or not the Company has a right to reclaim overpayment from the SUB Fund in relation to payments being made under the Trade Readjustment Allowance."

Section 16.2B(2) of the SUB agreement expressly grants the Joint Board jurisdiction over SUB appeals as follows:

"The Board shall be empowered and authorized and shall have jurisdiction:

"* * *

"(b) to hear and determine appeals by Employees[.]"

Sections 16.2B(3)(b) and (c) of the SUB agreement further state that the Joint Board shall have jurisdiction to determine "whether the employee is eligible for the benefit * * * claimed," and "the amount of any benefit * * * payable." The issue regarding the impact of the TRA benefits is, in essence, merely a question of eligibility and amount of benefit under the SUB plan. Such a determination is clearly within the Joint Board's express jurisdiction.

The Joint Board had jurisdiction to hear the SUB appeal, irrespective of the existence of any specific overpayment or recoupment language. Such language is part of the plan by reference. Section 2.2 of the 1973-1976 SUB agreement provides as follows:

"2.2 *Continuation of the Plan*

"The Company shall continue to maintain the Supplemental Unemployment Benefit Plan in effect prior to December 3, 1973, as amended herein, until December 5, 1976, provided it obtains favorable rulings from the appropriate governmental agencies in accordance with Section 3 herein."

Under the prior SUB plan, the 1970-1973 SUB agreement, overpayment and recoupment provisions were expressly set forth in Section 7, Benefit Overpayment.

The Union, as exclusive representative of the plaintiff, consented to the Joint Board's determination of the recoupment issue presented and was, therefore, bound by the Joint Board's decision, by reason of the SUB provision that "such awards shall be final and binding upon both parties to the dispute." See *Ficek* v. *Southern Pacific Co.* (C.A. 9, 1964), 338 F. 2d 655, certiorari denied (1965), 380 U. S. 988.

Plaintiff also contends that the Joint Board was without authority necessary to determine that Section 13.4 of the 1976-1979 SUB plan, the overpayment and recoupment division, applied retroactively to affect employees' rights to SUB acquired under the 1973-1976 contract. We disagree for three reasons: (1) as previously indicated, overpayment and recoupment provisions were, in fact, included in the 1973-1976 SUB agreement; (2) plaintiff and his purported class had no vested rights, title or interests in SUB under the 1973-1976 SUB plan; and (3) even assuming, *arguendo,* that plaintiff acquired rights upon "receipt" of the SUB, recoupment did not commence until September 1977, when the 1976-1979 SUB plan was the applicable plan.

The Joint Board was clearly making a present determination as to eligibility, and not making a retroactive determination.

State and federal courts have concurrent jurisdiction in cases arising under Section 301(a) of the Labor Management Relations Act of 1947 (Public Law 80-101, Title III; 61 U. S. Stat. 156; Section 185[a], Title 29, U. S. Code) involving controversies arising under contracts between an employer and a labor organization representing employees in an industry affecting interstate or foreign commerce, or between labor organizations in an industry affecting such commerce, but the state courts must apply federal substantive law. *Neal* v. *Reliance Electric & Engineering Co.* (1967), 12 Ohio App. 2d 183.

The action *sub judice* is clearly a case "arising under" Section 301(a) of the Labor Management Relations Act. Section 301(a) (61 U. S. Stat. 156) of that Act provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Under federal substantive labor law, the dispute resolution procedure set out in a supplement of the collective bargaining agreement, culminating in a final, binding and nonappealable decision by the Joint Board, is valid. Where an "***employee's claim is based upon breach of the collective

bargaining agreement, he is bound by [the] terms of that agreement which govern the manner in which contractual rights may be enforced.\*\*\*" *Vaca* v. *Sipes* (1967), 386 U. S. 171, 184.

Therefore, by reason of a supplement of the collective bargaining agreement, plaintiff has no right of access to the court on the dispute in issue as a matter of federal labor policy and law. *Hines* v. *Anchor Motor Freight* (1976), 424 U. S. 554; *Humphrey* v. *Moore* (1964), 375 U. S. 335; *NLRB* v. *Allis-Chalmers Mfg. Co.* (1967), 388 U. S. 175.

By reason of the final, binding, nonappealable dispute resolution mechanism chosen by the parties to the collective bargaining agreement resulting in lack of subject matter jurisdiction in the Court of Common Pleas, it follows that the Court of Common Pleas correctly denied plaintiff's motion for class certification and the motion for leave to file an amended complaint. An amended complaint expressing a different theory of the same facts would add nothing where the trial court lacked subject matter jurisdiction. It was neither error nor an abuse of discretion to refuse leave to file an amended complaint. 5 Ohio Jurisprudence 3d 161, Appellate Review, Section 590. For the same reason, where the court lacked jurisdiction of the subject matter, the class which plaintiff allegedly represented had no right to adjudication. Therefore, the trial court correctly denied plaintiff's motion for class certification.

Accordingly, the judgment of the Court of Common Pleas of Lucas County is affirmed.

*Judgment affirmed.*

POTTER, P. J., and CONNORS, J., concur.