**THEIS RESEARCH, INC., an Ilinois corporation, Plaintiff— Appellant,**

v.

**BROWN & BAIN, a California and Arizona law firm, and such present and former Brown & Bain partners, associates, and other prosonnel responsi-**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

ble for the management and trial of all litigation involving Peter F. Theis and Theis Research, Inc., Defendant—Appellee.

No. 02–16839.

D.C. No. CV–99–20645–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Dec. 16, 2003.

Paul R. Johnson, Davin Z. Goldsztajn, Filice, Brown, Eassa & Mcleod, LLP, Oakland, CA, for Plaintiff–Appellant.

Paul A. Renne, Cooley Godward LLP, San Francisco, CA, for Defendant–Appellee.

Before THOMPSON, TROTT, Circuit Judges, and WEINER,* Senior District Judge.

MEMORANDUM**

Theis Research, Inc. (TRI) appeals the district court's entry of summary judgment in favor of defendant Brown & Bain (B&B) on TRI's claims of breach of professional and fiduciary duty, legal malpractice, fraud, and its application to vacate an arbitration award. The district court had jurisdiction pursuant to 28 U.S.C. § 1332; this court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

TRI was required to submit to the arbitrator the issue of whether B&B's alleged conflicts of interest rendered the TRI—

B&B legal services agreement void ab initio. *Three Valleys Mun. Water Dist. v. E.F. Hutton,* 925 F.2d 1136, 1140 (9th Cir.1991) (federal court may consider a defense of fraud in the inducement of a contract only if the fraud relates specifically to the arbitration clause itself and not to the contract generally). The issue was actually submitted to the arbitrator, who rendered a decision adverse to TRI. As such, the district court did not err when it determined that TRI was barred from relitigating the same issue as part of its federal court malpractice claims. *Ficek v. Southern Pacific Co.,* 338 F.2d 655, 657 (9th Cir.1964) (claimant may not voluntarily submit his claim to arbitration, await the outcome, and if the decision is unfavorable, challenge the authority of the arbitrator to act).

Having submitted the claim to the arbitrator, TRI could seek vacatur of the arbitral result only if it was a manifest disregard of the law, *see First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (citing *Wilko v. Swan,* 346 U.S. 427, 436–37, 74 S.Ct. 182, 98 L.Ed. 168 (1953)); an implausible interpretation of the contract, *see Employers Ins. of Wausau v. National Union Fire Ins. Co. of Pittsburgh,* 933 F.2d 1481 (9th Cir.1991); the award was procured by corruption, fraud, or undue means, 9 U.S.C. § 10; or the arbitrator exceeded his powers, *First Options.* The only such argument it made to the district court, and also preserved for appeal, is that the arbitrator failed to disclose his involvement with B&B's malpractice carrier. This argument is wholly unsupported by the record. The arbitrator disclosed at the beginning

* Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the hearing that he had arbitrated other legal malpractice claims involving the carrier, recognized the carrier's representative's name on the attendance list, and had dealt with the representative in the context of prior arbitrations. He then asked the parties if there were any objections to his proceeding as arbitrator. All parties consented. By failing to object to the arbitrator's continued involvement, and then continued with the hearing, TRI waived any claim that the award was subject to vacatur on the basis of bias.

Neither did the district court abuse its discretion when it refused to permit additional discovery prior to deciding the motions. "We will only find that the district court abused its discretion if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Qualls v. Blue Cross,* 22 F.3d 839, 844 (9th Cir.1994) (emphasis in original). No further amount of discovery would have altered the legal conclusions that TRI was required to put on its evidence of conflicts of interest before the arbitrator, actually did raise before the arbitrator the issue of whether the conflicts stated a malpractice claim, and lost.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.