**SHEET METALS WORKERS NATIONAL PENSION FUND, Plaintiff,**

v.

**METALS AND MACHINING FABRICATORS, INC., Defendant.**

**Civ. A. No. 84–2936.**

United States District Court, District of Columbia.

Oct. 18, 1985.

Marc E. LeBlanc, Sheet Metal Workers Nat. Pension Fund, Washington, D.C., for plaintiff.

Gary Lofland, Wilson & Lofland, Yakima, Wash., and Paul M. Heylman, Schmeltzer, Aptaker & Sheppard, Washington, D.C., for defendant.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

This suit was brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145 (1982), and the Labor-Management Relations Act, 29 U.S.C. § 185 (1982). The plaintiff, Sheet Metals Workers National Pension Fund ("Fund"), seeks to enforce the alleged obligation of the defendant employer, Metals and Machining Fabricators, Inc. ("M & M"), to make pension benefit payments to the Fund as required under ERISA. Plaintiff moved for partial summary judgment to enforce an arbitral decision issued by the National Joint Adjustment Board for the Sheet Metal Industry ("Adjustment Board" or "Board"). The Board directed M & M to make all past due ERISA contributions and to enter into a new collective bargaining agreement with Sheet Metal Workers Local Union No. 242 ("Union" or "Local 242") that would include a continuing obligation to make such payments to the Fund. Defendant has filed a cross-motion for summary judg-

ment. For the reasons set forth below, the plaintiff's motion is granted and the defendant's motion is denied.

## BACKGROUND

In 1977, M & M, a machine shop operator located in the State of Washington, recognized and executed a collective bargaining contract with Local 242. The contract, the Standard Form Union Agreement ("Standard Agreement"), was a model collective bargaining contract, utilized industry-wide, and effective through May 1977. Thereafter, the parties signed a series of "addenda" which were generally in effect for one year. The last were effective for the year through June of 1982. M & M notified Local 242 in February 1982 of its intention to terminate the agreement. Negotiations for a new contract began in June 1982, continuing through several months without an agreement being reached. In August 1982, M & M presented a "last and final offer." It implemented that offer on October 7, 1982.[1]

Further discussions took place in the following year until Local 242 declared the negotiations deadlocked on October 24, 1983 and, pursuant to article X of the Standard Agreement,[2] submitted the dispute to the Adjustment Board for arbitration. M & M refused to participate in the arbitral proceedings. On November 11, 1983, the Board issued a decision directing the company to make all delinquent contributions to the Fund, execute a new Standard Form of Union Agreement, and continue in effect the preexisting addenda with certain modifications. M & M never moved to vacate the arbitral award and has, in effect, ignored it.

## DISCUSSION

In opposition to the plaintiff's motion to enforce the arbitration award, M & M

---

1. Thereafter, the Union filed an unfair labor practice complaint with the National Labor Relations Board, alleging that M & M had failed to negotiate in good faith and had implemented the final offer without impasse having been reached. On April 5, 1985, an Administrative Law Judge issued a decision recommending that

the Union's complaint be upheld. The Board has not yet made a final ruling.

2. Article X, provides in part that "any controversy or dispute arising out of the failure of the parties to negotiate a renewal of this Agreement shall be settled" through arbitration.

presents a number of defenses which are, in effect, an attempt to vacate and avoid the Adjustment Board decision.[3] Plaintiff argues, with reason and authority, that M & M cannot raise these affirmative defenses to the enforcement of the Board decision because it failed to move to vacate that decision within the applicable limitations period under Washington state law.

The courts have uniformly held that a party who fails to make a timely motion to vacate an arbitration award is barred from raising affirmative defenses in a suit to enforce the award. *See, e.g., Fortune, Alsweet and Eldrige, Inc. v. Daniel,* 724 F.2d 1355 (9th Cir.1983); *Chauffeurs, Teamsters, etc. v. Jefferson Trucking,* 628 F.2d 1023 (7th Cir.1980); *cf. United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60–62, 101 S.Ct. 1559, 1562–63, 67 L.Ed.2d 732 (1981) (applying a state arbitration statute of limitations to a suit which, while not "style[d]" as a motion to vacate the arbitration award, would have had that "direct effect"). M & M does not seriously dispute this principle but instead disagrees with the plaintiff's choice of the applicable limitations period under Washington law. Plaintiff relies on the state arbitration statute which requires that a motion to vacate an arbitral award must be made within 90 days of that award. Wash.Rev.Code Ann. § 7.04.180. But section 7.04.010 of the statute contains the following provision:

> The provisions of this chapter shall not apply to any arbitration agreement between employers and employees..., and as to any such agreement the parties thereto may provide for any method and procedure for the settlement of existing or future disputes and controversies, and such procedure shall be valid, enforceable and irrevocable....

On the basis of this provision, the defendant argues that the arbitration statute's limitations provision cannot be applied, but instead one must turn to the general state statute of limitations for written contracts.

That statute allows claims to be brought within six years and thus would not bar the defenses of M & M.

It is worth noting at the outset that only two months ago the federal court for the Western District of Washington ruled on this identical issue and enforced the same arbitral award in a case brought against M & M, the present defendant. The only difference between that proceeding and this is that the same plaintiffs were not involved. *See Northwest Sheet Metal Workers Welfare Fund v. Metals & Machining Fabricators, Inc.,* No. C84–508D, slip op., (W.D.Wa. Aug. 16, 1985). The Western District of Washington court held that the arbitration statute's limitation provision barred M & M's attempt to vacate the Arbitral Board decision and upheld the arbitral award.

The Western District of Washington decision relied primarily on a Ninth Circuit case, *United Brotherhood of Carpenters v. FMC Corp.,* 724 F.2d 815 (9th Cir.1984). That decision reaffirmed an earlier ruling in *Local 1020 of the United Brotherhood of Carpenters v. FMC Corp.,* 658 F.2d 1285 (9th Cir.1981), where the court utilized the Oregon arbitration statute's limitations period notwithstanding the statute's express exclusion of collective bargaining contracts. In the court's view, the true reason for the exclusion of collective bargaining agreements was to allow the parties to specify alternative periods of limitations in their agreements. Absent such specific agreement, the court saw no reason why a 20-day period invoked by the Oregon statute should not be adopted as a guide for a limitation period to vacate an award of an arbitrator. *Id.* at 1289.

Only one Washington state case has considered the relationship between the Washington arbitration statute and labor agreements. In *Greyhound Corp. v. Division 1384,* 44 Wash.2d 808, 271 P.2d 689 (1954), the Washington Supreme Court noted that the effect of the exclusion quoted above

---

**3.** Defendant argues that article X was not a part of the addenda in force until June 1982, and that, in any event, its duty to arbitrate under

that clause terminated when the agreement expired. It also challenges the arbitral award on various procedural grounds.

was to remove any doubt as to the validity of arbitration clauses in collective bargaining agreements. The court then refused to permit a union to invoke a section of the arbitration statute that permitted one party to obtain a stay of all legal action between the parties pending arbitration. According to the court, the collective bargaining agreement did not contemplate the use of the procedures of the arbitration statute.

In this case, plaintiff is not seeking to utilize a special procedure authorized by the arbitration statute, but not mentioned in the collective bargaining agreement. Rather, plaintiff asks the Court to use the arbitration statute as a guide in determining the appropriate limitations period to apply to motions to vacate arbitral awards made under its agreement with the defendant. As the court in *Greyhound* noted, the purpose of the section 7.04.010 exclusion was to make clear that the parties to a collective bargaining agreement are free to specify their own arbitration procedures. A specific limitations period in article X would thus clearly take precedence over the state statute. But since no period is specified, nothing prevents the Court from finding that the 90-day limitation in the arbitration statute is the most appropriate to apply in this case.

As a matter of sound policy, because of the central role that arbitration plays in labor relations, *see United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960), it would appear that application of the arbitration statute's 90-day limitations period is preferable to utilizing the general statute of limitations for written contracts. The efficacy of the grievance resolution system agreed upon by the parties would be fatally undermined if arbitral decisions could be open to challenge over a six-year period. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. at 64, 101 S.Ct. at 1564; *see also United Brotherhood*, 724 F.2d at 817 ("A short limitation ... serves the policy of resolving labor disputes expeditiously.") M & M had ample opportunity to challenge the Adjustment Board's jurisdiction and decision, either through a motion to vacate or a declaratory judgment action in state or federal court. Because it chose not to avail itself of those options, its defenses in this action are now barred.

Accordingly, it is this 17th day of October, 1985,

### ORDERED

That plaintiff's motion for partial summary judgment is granted and the arbitral award of the National Joint Adjustment Board for the Sheet Metal Industry, entered on November 11, 1983, is confirmed.

That defendant's motion for summary judgment is denied.

That plaintiff shall present by October 25, 1985, a further order implementing the arbitral award and appropriate documentation to support an award of attorneys' fees.

That a status call is scheduled for October 31, 1985 at 9:00 a.m. to discuss the resolution of any remaining issues in this proceeding.