**LOCAL UNION 26, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Plaintiff,**

v.

**CWS ELECTRIC, et al., Defendants.**

**Civ. A. No. 86–1118.**

United States District Court, District of Columbia.

Nov. 25, 1986.

As Amended Dec. 11, 1987.

Brian A. Powers, Robert J. Henry, O'Donoghue & O'Donoghue, Washington, D.C., for plaintiff.

Curtis A. Ritter, Michael A. Pace, Dow, Lohnes & Albertson, Washington, D.C., Richard W. Lawlor, Lawlor & Pappadeas, P.A., Silver Spring, Md., for defendants.

### MEMORANDUM

OBERDORFER, District Judge.

This action was filed by Local Union 26 on April 23, 1986 to confirm and enforce an arbitration award against the defendant CWS Electric, Inc. The matter is now before the Court on defendant's motion to

dismiss and plaintiff's motion for summary judgment. The facts will be set forth briefly below.

## I.

On November 5, 1979 and again on September 16, 1981, Conrad W. Stonebanks signed a "letter of assent" on behalf of his unincorporated propietorship, CWS Electric. These letters of assent purported to authorize the Washington D.C. Chapter of the National Electrical Contractor's Association ("NECA") to enter into a collective bargaining agreement (the "Inside Wire Agreement") on behalf of CWS Electric. The letter also provided that the delegation of authority to NECA could be terminated by giving Local 26 and NECA written notice 150 days before the anniversary date of the labor agreement. In April 1985, a dispute arose between Local 26 and CWS Electric, Inc. over that company's obligations under the Inside Wire Agreement. Local 26 submitted this dispute to the Labor Management Committee in accordance with Article II of the collective bargaining agreement. An attorney for CWS Electric, Inc. made an appearance before the Committee to contest its jurisdiction on the grounds that Mr. Stonebanks had incorporated as CWS Electric, Inc. in October, 1982 and that this new corporation had signed no letters of assent. No other objection was made to the Committee's jurisdiction. On November 6, 1985, the Committee issued a decision which found that CWS Electric, Inc. was the "alter ego" of CWS Electric and that it had violated the collective bargaining agreement. As a remedy, the Committee determined that CWS Electric, Inc. must make fringe benefit contributions from 1982 to the date of the award and must adhere to the requirements of the Inside Wire Agreement in the

future. When CWS Electric, Inc. did not respond to the demands by Local 26 that it comply with this decision, the union filed the complaint in this action under § 301 of the Labor Management Relations Act ("the Act"), 29 U.S.C. § 185.

## II.

■ The defendant has moved to dismiss on the grounds that this action is precluded by the applicable statute of limitations. For the reasons discussed below, this motion to dismiss the complaint will be denied.

The Labor Management Relations Act does not specify a statute of limitations for actions brought pursuant to Section 301. However, the Supreme Court has held, in *United Automobile Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) that the timeliness of such actions should be determined by reference to the appropriate state limitations period.[1] *Id.* at 704, 86 S.Ct. at 1112. In that case, for example, a union sued an employer for vacation pay allegedly due the employees under the terms of a collective bargaining agreement. Because proof of the breach and measurement of damages depended on proof of the existence of separate oral contracts with each employee, the Court applied the six year statute of limitations period applicable to suits upon oral contracts. *Id.* at 706–09, 86 S.Ct. at 1113–14.

In actions under the Act where arbitration has been employed, a different statute of limitations may be appropriate. For example, when the plaintiff who sues under § 301 of the Act seeks to avoid the effect of a decision by a grievance committee, courts have applied the state statute of limitations applicable to actions to vacate or modify arbitration awards. *See, e.g., Chauffeurs, Teamsters, Warehousemen*

---

**1.** In the recent case of *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Court applied the uniform federal statute of limitations found in § 10(b) of the National Labor Relations Act to a "hybrid" action by an employee against both the union and the employer. The employee in that case alleged that his dismissal by his employer was a violation of the collective bargaining agreement and, in addi-

tion, alleged that the union had failed to represent him properly in arbitration proceedings. Nonetheless, the parties to this proceeding agree that the result in *DelCostello* does not govern in "non-hybrid" actions like the instant one. *See* Defendant's Motion to Dismiss at 2; Plaintiff's Opposition to the Motion to Dismiss at 5 n. 1. Instead, the rule established in *Hoosier Cardinal Corporation*, requiring the application of the most analogous state statute, still governs.

*and Helpers, Local Union No. 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1026–27 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). Defendant here seeks to extend the holding in those cases by arguing that the statute of limitations for actions challenging arbitration awards applies to *all* actions which allege violations of a collective bargaining agreement as long as the arbitration mechanism of the collective bargaining agreement has been utilized. Defendant therefore requests that this Court apply the 90 day limitations period applicable to actions to *challenge* arbitration awards to this action to *enforce* an arbitration award. *See* 16 D.C.Code §§ 4311, 4312.

As plaintiff persuasively demonstrates, the statute applicable to actions to vacate arbitration awards is not the most closely analogous state statute in this case. Plaintiff here seeks to confirm and enforce an arbitration award. The language of D.C. Code § 16–4310 strongly suggests that such actions are subject to a different limitations period than actions to modify such awards. That statute provides, in part:

Upon application of a party, the Court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award. . . .

This provision appears to contemplate that a motion to enforce an arbitration award may be brought after the time limit on a motion to alter or vacate has expired.

Furthermore, application of the very brief limitations period applicable to motions to vacate is not necessary or appropriate in suits to enforce. As the Supreme Court noted in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), " 'the grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government. . . .' This system . . . could easily become unworkable if a decision which has given 'meaning and content' to the terms of the

agreement, and even affected subsequent modifications of the agreement could suddenly be called into question as much as six years later." *Id.* at 63–64, 101 S.Ct. at 1564–65 (quoting *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960)). A brief limitations period for actions to vacate arbitration awards is therefore consistent with national labor policy. However, such a brief opportunity to litigate is not necessary, or even desirable, for actions like the one here, which merely seek to confirm an arbitration decision. Applying a 90 day limitations period for such actions might discourage voluntary cooperation and unnecessarily burden the court system.

Indeed, the argument advanced by the defendant has already been rejected by another judge of this Court. In *Service Employees International Union Local 722 v. Washington Hospital Center,* 115 LRRM 3581 (D.D.C.1983) [Available on WESTLAW, DCT database], a suit brought to confirm an arbitration award, Judge Joyce Green held "[a]s a preliminary matter, the Court can readily dismiss the [defendant's] contention that plaintiff's claim is time barred. Plaintiff filed its complaint on October 19, 1982, well within the statutory period applicable to actions to *enforce* arbitration awards. However, actions to *vacate* or *modify* awards must be brought 'within 90 days after delivery of a copy of the award to the applicant.' 16 D.C.Code §§ 4311, 4312." *Id.* at 3582 n. 2 (emphasis in the original). Judge Green correctly determined that 12 D.C.Code § 301(7) provides the applicable limitations period.[2] Accordingly, an accompanying order will deny the defendant's motion to dismiss.

## III.

■ Plaintiff's motion for summary judgment argues that defendant's failure to move to vacate the arbitration award with the 90 day statute of limitations peri-

2. *See* 12 D.C.Code § 301(7) ("Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below

from the time the right to maintain the action accrues: . . . on a simple contract, express or implied—3 years.")

od of 16 D.C.Code § 4311(b) bars it from raising any affirmative defenses in this action for confirmation. Defendant concedes that ordinarily actions to vacate or modify arbitration awards must be brought within 90 days. However, defendant argues that the 90 day limitations period should not apply when the defendant is contesting the existence of the contract or the arbitrability of the dispute. In such action, according to defendant, the statute of limitations for contract actions should apply.

In this case, defendant seeks to avoid the enforcement of the Committee's decision by arguing that the signing of the "letters of assent" was the product of mistake or fraud. In support of this allegation, defendant has submitted an affidavit from Mr. Stonebanks. This affidavit alleges that Mr. Stonebanks signed the letters of assent in an effort to retain his own union membership while working as an employee on a specific non-union job. According to Mr. Stonebanks, he was not given a copy of the letter he signed and he was not informed that it would bind him to any collective bargaining agreements in the future.

Defendant cites to no authority to support the argument that the contract statute of limitations should apply to a defense of fraud in an enforcement proceeding. However, plaintiff, with commendable candor, has brought to the Court's attention a recent Ninth Circuit case which could be read to support the defendant's position. In *Fortune, Alsweet & Eldridge, Inc. v. Daniel,* 724 F.2d 1355 (9th Cir.1983), the Court of Appeals considered the defendant's claim that he had not agreed to submit a dispute to arbitration even though the statute of limitations on motions to vacate had run. The Court noted "[i]n the case before us, Daniel failed to make a motion to vacate within 100 days after the entry of an arbitration award. Therefore, the only issue for the district court to decide was 'whether the parties agreed to arbitrate the subject in dispute.' *Sheet Metal Workers' International Association, Local 252 v. Standard Sheet Metal, Inc.,* 699 F.2d 481, 483 (9th Cir.1983)." *Id.* at 1356. The Court cited only one case in support of this holding. In that case, however, the Court

held that the statute of limitations barred the company's defense and that the agreement to arbitrate was not in dispute. Thus, while the *Fortune* case does appear to support defendant's position, it does not contain a detailed justification of its holding. Moreover, the case is a clear departure from the weight of authority which holds that no defenses may be raised in enforcement suits which are brought after the limitations period for motions to vacate has past. *Service Employees International Union, Local 36 v. Office Center Services, Inc.,* 670 F.2d 404, 410–12 (3d Cir. 1982); *Chauffeurs Teamsters, Warehousemen and Helpers, Local 135 v. Jefferson Trucking, Co.,* 628 F.2d 1023, 1027 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); *Sheet Metals Workers National Pension Fund v. Metals and Machining Fabricators, Inc.,* 622 F.Supp. 116, 118 (D.D.C.1985); *cf. Florasynth, Inc. v. Picholz,* 750 F.2d 171 (2d Cir.1984) (same result under the Federal Arbitration Act).

These precedents are completely in accord with national labor policy which favors industrial self-government and the speedy and final resolution of labor disputes. *See supra* p. 497. Of course, it is true, as defendant notes, that the question of arbitrability is normally an issue for judicial determination. *See AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). In this case, for example, if CWS Electric, Inc. had specifically raised the issue of fraud before the arbitrator and had then moved to vacate the unfavorable award, the court would be entitled to decide the issue of fraud in the inducement of the contract de novo. *See, e.g., Local 719, American Bakery & Confectionary Workers of America v. The National Biscuit Co.,* 378 F.2d 918 (3d Cir.1967). However, the fact that a defense such as fraud might be subject to a different standard of review in the district court does not suggest that it is also subject to a different statute of limitations. The strong policy in favor of a speedy resolution of labor disputes applies when

the defense goes to arbitrability as well as when it goes to the substance of the arbitrator's award. While the affidavit of Mr. Stonebanks raises serious allegations which, if proven at trial, might well have required that the arbitration award be set aside, *see Operating Engineers Pension Trust v. Gilliam,* 737 F.2d 1501 (9th Cir. 1984), the Court cannot ignore the fact that Mr. Stonebanks failed to contest the validity of the letters of assent in court while the arbitration was in process or any time thereafter. These allegations of fraud were raised only after the plaintiff had filed for summary judgment in this enforcement action. This was too late. Moreover, there is no suggestion that the fraud was one of concealment such as might have tolled the statute of limitations. *Compare Hobson v. Wilson,* 737 F.2d 1, 32–42 (D.C.Cir.1984). Accordingly, plaintiff's motion for summary judgment on the basis of the statute of limitations must be granted.

\* \* \*

This produces a harsh result. The Court has hesitated in search of a principled basis for another result. Defendant's counsel has suggested none and the Court has discovered none. Hopefully, the plaintiff labor union will take a statesmanlike view of its claim and give generous consideration to equities which the Court can not reach. In addition, defendant may find that his arbitration counsel who failed to raise the fraud issue in that proceeding has some obligation to alleviate the heavy burden resulting from the award against him and the judgment confirming it.

### ORDER

For the reasons stated in the accompanying memorandum, it is this 24th day of November, 1986, hereby

ORDERED: that the defendant's motion to dismiss the complaint should be, and is hereby, DENIED; and it is further

ORDERED: that the plaintiff's motion for summary judgment should be, and is hereby, GRANTED; and it is further

ORDERED, ADJUDGED and DECREED: that the November 6, 1985 award of the Labor Management Committee is CONFIRMED and defendant shall comply with it.