961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd B. RHOADES, Jr.; Audrey Rhoades, Plaintiffs-Appellees,
v.
MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC.; PAINEWEBBER,
INC.; JORDAN BALL; and HOLLIS ANDERSON,
Defendants-Appellees,
v.
William T. POWELL, Defendant-Appellant.
 No. 91-15268.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1992.*
Decided April 24, 1992.
 
 Before SCHROEDER, LEAVY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Floyd and Audrey Rhoades filed an action in federal district court against two brokerage houses and three stockbrokers, including William Powell, alleging that the defendants had violated federal and state law by mismanaging the Rhoadeses' stock accounts. The parties eventually submitted the claim to the National Association of Securities Dealers ("NASD") for arbitration. The arbitrator ruled in favor of the Rhoadeses, and the district court entered judgment confirming the award. Powell now appeals pro se, arguing that the district court judgment should be set aside on the grounds of denial of due process and improper venue. The Rhoadeses, Jordan Ball, Hollis Anderson, and both brokerage houses (collectively, "appellees"), seek sanctions of costs and fees against Powell for bringing a frivolous appeal. We review de novo, see Employers Ins. of Wausau v. National Union Fire Ins. Co. of Pittsburgh, 933 F.2d 1481, 1485 (9th Cir.1991), and we affirm.
 
 
 3
 With respect to Powell's first argument, we note that he voluntarily entered into a binding predispute arbitration agreement, he appeared in person and with counsel at the first two days of the arbitration hearing, and he stipulated on the record to the jurisdiction of the NASD. His contention that he never received notice of the hearing's final date is not only belied by the record but frivolous in light of his failure to notify anyone of his purported change of address in late August 1990. Powell received all of the process to which he was due. See Fortune, Alsweet & Eldridge, Inc. v. Daniel, 724 F.2d 1355, 1356-57 (9th Cir.1983) (per curiam) (party who submits to arbitration and later purports to withdraw waives right to challenge legitimacy of arbitration and is bound by its result).
 
 
 4
 As for Powell's change of venue argument, the record reflects that the motion was untimely and almost definitely employed as a delaying tactic, that Powell made no showing that Memphis was either a proper venue or even a more convenient location for the parties, and that the Rhoadeses' claim had already been pending for five years and had effectively proceeded to completion before the motion was made. Under these circumstances we find no error in the district court's denial of Powell's request for a change of venue.
 
 
 5
 Finally, we agree with the appellees that the frivolous nature of this appeal warrants the imposition of sanctions against Powell. Accordingly, we hereby award the appellees their attorney's fees and double costs of this appeal. See 28 U.S.C. § 1912; Fed.R.App.P. 38.
 
 
 6
 Because we find no merit to Powell's remaining contentions, the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3