108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley MILLAN, Plaintiff-Appellant,
v.
RICHARDSON GREENSHIELDS OF CANADA, LIMITED; Rod Docker,
Defendants-Appellees.
 No. 95-16851.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided March 13, 1997.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Stanley Millan appeals the district court's order refusing to vacate the National Association of Securities Dealers' ("NASD") arbitration award, see 9 U.S.C. § 10(a), in favor of Richardson Greenshields of Canada, Ltd. and its stockbroker, Rod Docker. After having submitted his dispute to arbitration and participated in the proceedings, Millan claims that the NASD arbitrators exceeded their powers, see 9 U.S.C. § 10(a)(4), when they arbitrated his dispute because none of the parties is an NASD member. Millan bases his argument on the fact that the NASD Code of Arbitration Procedure provides that the Code governs the arbitration of disputes arising in connection with the business of NASD "members." See NASD Bylaws Article VII, § 1(a)(4); NASD Code of Arbitration Procedure Rule 10101 (explaining which matters are eligible for submission to arbitration). Millan contends that Rule 10101 is a "jurisdictional" provision and thus justifies an objection to the arbitration of disputes among non-members at any time.
 
 
 4
 Appellant's argument is misguided. The "jurisdiction" of the arbitrators, unlike that of the courts, is "rooted in the agreement of the parties[.]" Ficek v. Southern Pacific Co., 338 F.2d 655, 656 (9th Cir.1964). Millan did not have to submit this particular controversy to arbitration in the first place, and the NASD was not required by the terms of its own Code to hear it. Nevertheless, when all parties consent to pursue an arbitration, those parties are no longer entitled to challenge the NASD's assumption of jurisdiction over their dispute. We explained the rationale for this in Fortune, Alsweet & Eldridge, Inc. v. Daniel, 724 F.2d 1355 (9th Cir.1983) (per curiam):
 
 
 5
 It would be unreasonable and unjust to allow [a party] to challenge the legitimacy of the arbitration process, in which he had voluntarily participated over a period of several months, shortly before the arbitrator announced her decision. The policy of the law is to support the enforcement of arbitration awards because arbitration promotes the speedy resolution of ... disputes.... Allowing [a party] to reject arbitration at this late stage of the arbitration process would frustrate that policy.
 
 
 6
 Fortune, 724 F.2d at 1357. The district court correctly ruled that Millan could no longer challenge the authority of the NASD arbitrators to act after having submitted the claim to the NASD and having fully participated in the hearings. This holding is squarely supported by our circuit authority. Fortune, 724 F.2d at 1357; Ficek, 338 F.2d at 656.
 
 
 7
 Appellees' request for sanctions is DENIED.
 
 
 8
 The district court's refusal to vacate the award is AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3