SIMPSON, CLASON, CALLAHAN & GIUSTINA

    for Defendant

*Municipal Court of the*
*City of Boston*
No. T-30002
**TINA MARTIN, et al**
**v.**
**UTICA MUTUAL INSURANCE COMPANY**

Argued: Mar. 15, 1974 - Decided: June 5, 1974

*Present:* Lewiton, C.J., Canavan, Doerfer, JJ. Case tried to *DeGuglielmo, J.*

**Doerfer, J.** This is an action of contract under G.L. c. 90, §§ 34M and 340, in which the plaintiffs seek to recover medical expenses, lost wages and property damage under a contract of insurance with the defendant. Under Count III of the declaration, the plaintiff Tina Martin alleges that she suffered property damage as a result of an automobile accident which occurred on the highways of Massachusetts on January 11, 1972, and that she is entitled to recover under Option 2 of Coverage C.

In accordance with the statute the plaintiff Martin alleged that she would have been entitled to recover in tort for such loss against another identified person, except for the provisions of G.L. c. 90, § 340.

The evidence reported relating to the accident is as follows:

The plaintiff, Tina Martin, testified that she was backing out of a diagonal parking space and, before pulling out, looked both ways and saw nothing coming. She then backed out and, while stopped for 20 to 30 seconds "and an appreciable length of time" and before starting forward, was struck by another vehicle on the right rear. The right side and right front end of her automobile was pushed onto the sidewalk. Photographs were introduced showing damage to the right rear and the whole right side and right front portions of her vehicle.

There was also evidence tending to show that both plaintiffs received injuries; that the plaintiff Tina Martin was thrown about in her car and her mouth began to bleed and that she broke her dentures. She was taken to the Peter Bent Brigham Hospital. She was seen by a Dr. Kvitka about 12 or 13 times and had X-rays taken by a Dr. Ronald Goldberg. She lost 3 to 4 weeks work as a domestic.

The driver of the other car involved in the accident showed to the plaintiffs a driver's license and an automobile registration.

Plaintiff duly served a notice to admit facts under G.L. c. 231, § 69, which contained twelve numbered paragraphs calling for admission or denial. The defendant answered the first ten of these but neither admitted nor denied numbers 11 and 12. The notice to admit and the defendant's answers thereto were admitted in evidence. Request for admission number 11 stated "That the expenses described in paragraph 9b are reasonable." Number 12 stated, "That the expenses described in paragraph 9c are reasonable."

Paragraphs 9b and 9c stated as follows:

"9. That as a result of the bodily injuries sustained by the plaintiff in the motor vehicle accident described in paragraph 2 above, the plaintiff incurred the following expenses for necessary medical, surgical, X-ray and dental services:....

(b)  Dr. Mitchell Nore — $5.40

(c)  Dr. Ronald Goldberg — $296.00

The defendant denied these facts in its response.

The first ground of appeal is the trial judge's denial of the following request for a ruling:

"As to Count III of the plaintiff's declaration a finding for the plaintiff is not warranted because there was no evidence of any negligence committed against the plaintiff by anyone."

Although the evidence reported in this case relating to the issue of negligence is thin,

nevertheless it is sufficient to sustain a finding of negligence. In particular, the evidence would warrant the trier of fact in finding that the plaintiff, after pulling out from a parking place, was stopped on the roadway for a period of 20 to 30 seconds and that no other vehicle was blocking the view of her vehicle from behind; that the driver of the second vehicle had adequate opportunity to observe the plaintiff and to bring his vehicle to a stop or otherwise avoid the plaintiff's vehicle. The facts in this case are quite similar to the facts in *Hendler* v. *Coffey,* 278 Mass. 339, 340-341 (1932) in which a finding of negligence was sustained. This is not a case such as *Frazier* v. *Cordialino,* 356 Mass. 465 (1969) where the facts were not sufficient to "place the fault". *Cf. Buda* v. *Foley,* 302 Mass. 411, 412-13. *Jennings* v. *Bragdon,* 289 Mass. 595.

The defendant also claims to be aggrieved by the denial by trial judge of its second request for a ruling:

"The failure of the defendant to neither [sic] admit or deny any of the plaintiff's questions in its notice to admit facts does not relieve the plaintiff of the burden of proving the *extent* and *reasonableness* of the medical treatment rendered to the plaintiff." [emphasis supplied]

It is well settled that the failure of a party to make a response to a demand to admit facts is binding upon that party. *Cohen* v. *James*

*Miller Co.,* 266 Mass. 55. *Loew* v. *Minasian,* Mass. Adv. Sh. (1972) p. 547. *Snowden* v. *Cheltonham,* 337 Mass. 295 (1958). *Liberty Mut. Ins. Co.* v. *McKinney,* 48 Mass. App. Div. 150.

Although the judge has discretion to relieve a party of the binding effect of its failure to respond to a notice to admit facts (see e.g. *Plante* v. *Louro,* 345 Mass. 456) he is certainly not required to do so. Thus, the failure to respond to demands for admission number 11 and 12 bound the defendant to an admission that the expenses of Dr. Nore and Dr. Goldberg were reasonable. *Liberty Mut. Ins. Co.* v. *McKinney,* 48 Mass. App. Div. 150.

▇▇▇ The denial of requested admission number 9 does not render the defendant's failure to respond to numbers 11 and 12 moot. The defendant might well admit that, if the plaintiff proved that certain expenses were incurred, they were reasonable.

There was other evidence reported which indicates that the services of Drs. Nore and Goldberg were in fact rendered and which tended to establish the extent of the services rendered. Thus, if there was any error in denying the requested ruling that the failure to admit or deny the notice to admit facts had the effect of relieving the plaintiff of proving the "extent" of the medical treatment to the plaintiff, any such error was harmless.

**Report dismissed.**

JAMES D. MCLAUGHLIN of Boston
for Plaintiff