Bernstein, J.
The plaintiff, Friel Development and Construction Company (hereinafter “plaintiff"), brought suit against defendant, Parrish Painting Development & Construction Company (hereinafter “defendant”), for breach of contract for defendant’s failure to complete painting work as a subcontractor. The trial court allowed a motion for summary judgment for plaintiff and denied a series of postjudgment motions from which defendant now appeals. For the reasons herein, we find no error.
In October, 1998, plaintiff entered into a contract with the defendant in which defendant was to provide painting for a condominium project. The contract provided, among other provisions, that the project’s architect had the authority to reject work which did not conform to the prime contract and that if defendant failed or neglected to carry out the work in accordance with the contract, plaintiff with prescribed notice could terminate the contract. H the unpaid balance exceeded the expense of finishing the work, the defendant was responsible for the difference. When defendant neither performed satisfactorily, nor completed the work, plaintiff commenced this action on April 5,1999 for breach of contract, unjust enrichment and violation of M.G.Lc. 93A The process served upon defendant on April 8,1999, included, in addition to the complaint, interrogatories, requests for document production and requests for admissions.
What followed was a series of events, ultimately concluding in summary judgment *213 for plaintiff. Defendant retained counsel and filed an answer to the complaint However, despite phone calls and letters to counsel, defendant did not respond to the admissions within the required time period of Mass. R. Civ. P., Rule 36(a). Accordingly, on June 10, 1999, plaintiffs motion for summary judgment was allowed as to liability without opposition. Defendant’s attorney neither appeared at the hearing nor filed opposition.
At an assessment hearing on June 23, 1999, a second motion judge allowed defendant until July 14,1999 in which to file an amended answer and responses to discovery. The defendant retained new counsel on July 13, 1999. Although new counsel filed an appearance and a motion to extend the time for filing on July 14, no responses to discovery were filed until July 15th. At a hearing on the motion to extend time for filing on August 19, 1999, yet another motion judge denied the defendant’s request to extend time and allowed the summary judgment ruling to stand. Only plaintiff appeared to oppose the motion. On September 28,1999 defendant’s further motions for withdrawal of its admissions and for reconsideration of the court’s ruling on summary judgment were denied without hearing.
Defendant files this expedited appeal, contesting not only the grant of summary judgment and denial of the motion to extend time for filing, but also the denial of its other postjudgment motions. We find that summary judgment was proper, and that denial of the additional motions did not constitute an abuse of discretion by the trial court
Summary judgment is appropriate if the moving party shows that “there is no genuine issue of material fact and that [he] is entitled to judgment as a matter of law.” The motion judge is required to look at “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any” in order to determine if summaiy judgment is proper. Mass. R. Civ. R, Rule 56. The party opposing summary judgment cannot rest on the allegations made in its pleadings but must point to specific facts which demonstrate the existence of a material issue of fact. If the party opposing summary judgment fails to provide affidavits or other acceptable evidence showing a fact in dispute, then summary judgment will enter if it is appropriate as a matter of law. Mass. R. Civ. P., Rule 56(e). FDIC v. Csongor, 391 Mass. 737, 740 (1984) (motion judge’s order of summary judgment will be upheld if ruling is based on undisputed facts and is correct as a matter of law) (quoting Community Nat’l Bank v. Dawes, 369 Mass. 550, 556 (1976)). We note that defendant’s failure to oppose the summary judgment motion does not bar it from challenging the merits of the summaiy judgment order on appeal. Maddocks v. Ricker, 403 Mass. 592, n.5 (1998).
Defendant first argues that the summaiy judgment motion was error because the requests for admission upon which the summary judgment rests were not attached to plaintiffs motion. There is no requirement that all materials considered on summary judgment be attached to the summary judgment papers. Rule 56 specifically states that the court may look to the documents on file. Mass. R. Civ. P., Rule 56(c). There is no allegation before us that the court file reviewed by the motion judge did not contain the requests for admission, and we, therefore, reject this argument
Defendant next claims that the admissions are insufficient to establish liability. A matter is deemed admitted, unless the party to whom the requests are directed affirmatively admits or denies the request within forty-five days of being served a summons and complaint and that any matter so admitted under this rule is conclusively established. Mass. R. Civ. R, Rule 36.[1] More than forty-five days passed in which defendant failed to respond to the requests for admissions. There was no error in the motion judge’s reliance on the admissions. See also First National Bank of Cape Cod v. North Adams Hoosac Savings Bank, 7 Mass. App. Ct. 790, n.2 (1979).
*214 Reviewing the admissions, we find that they adequately establish defendant’s liability. In particular, the motion judge could have found that defendant entered into an agreement to perform certain work; that pursuant to Admission No. 3, defendant admitted that its “Work as described in the [Contract] was not completed per the terms of the [Contract];” that pursuant to Admission No. 5, the defendant admitted that it failed to perform under the terms of the written [Contract]; that pursuant to Admission Nos. 9 and 10, defendant received letters and demands indicating that it had not completed the work and was deemed to be in default The failure to deny these facts is binding on the defendant. Martin v. Utica Mutual Insurance Co., 54 Mass. App. Dec. 117 (1974); Wang Laboratories, Inc. v. Docktor Pet Centers, Inc., 12 Mass. App. Ct. 213 (1981). There was no error of law in allowing summary judgment on these facts. Realty Developing Co., Inc. v. Wakefield Ready-Mixed Concrete Co., Inc., 327 Mass. 535 (1951) (“a breach of contract is a failure to perform for which legal excuse is lacking.”)[2]
Defendant further argues that genuine issues of fact existed which precluded summary judgment In making this argument, it relies upon facts described in an affidavit of its principal, John Lee (hereinafter “Lee Affidavit”). The Lee Affidavit was filed with the court in September, 1999 (three months after the summary judgment hearing) in conjunction with its motion for reconsideration. Mass. R. Civ. P., Rule 56(c), requires that affidavits opposing summary judgment be filed no later than the day before the hearing. In addition, we find that the motion to reconsider was untimely. Piedra v. Mercy Hospital, 39 Mass. App. Ct. 184 (1995) (a motion to reconsider the grant of a summary judgment motion is to be treated as a motion to alter or amend a judgment pursuant to Mass. R. Civ. P., Rule 59, and must be served no later than ten days after the entry of judgment). Notwithstanding the untimeliness of the motion, we have considered the claims of the defendant and find no error by the motion judge.
Defendant urges this court to review the denial of reconsideration in accordance with the holding of Berube v. McKesson Wine & Spirits Company, 7 Mass. App. Ct. 426 (1979). At issue in Berube was a motion for relief from judgment pursuant to Mass. R. Civ. P., Rule 60. In contrast, the motion here is a motion for reconsideration, filed before entry of final judgment and addressed to the sound discretion of the trial judge. Bucchiere v. New England Telephone and Telegraph Company, 369 Mass. 639 (1986). Berube sets forth factors to be considered in determining whether a trial court abused its discretion in denying a motion for relief from judgment. Reliance on Berube fails when considering the factors enumerated in that case: first, the defendant did not act promptly after the entry of summary judgment; and second, the entry of summary judgment was sound as a matter of law. We will not reverse denial of a motion for reconsideration unless there was an abuse of judicial discretion, defined as “arbitrary determination, capricious disposition or whimsical thinking.” Bucchiere at 641. While defendant points to its first counsel’s inaction as neglectful conduct warranting relief from judgment, defendant was given a time frame in which to avail itself of that opportunity and did not take full advantage of that opportunity. We conclude, therefore, that there was no abuse of discretion.
Finding as we do that the allowance of the original motion for summary judgment was sound, we find no abuse of discretion in denying the motion to extend time for filing. The trial court allowed the defendant two weeks to file a new answer and four weeks to respond to discovery after prior counsel failed to do so. That defendant did not retain new counsel until one day before the deadline set by the court is not excusable neglect. Knowing that these issues were time sensitive defendant failed to act in a timely fashion. It was well within the trial court’s discretion to deny the motions filed outside a given time frame. Castellini v. United States Fidelity & Guar *215 anty Co., 373 Mass. 288 (1977) (court did not abuse discretion in denying motion to extend deadlines when party repeatedly failed to cure deficiency).
In light of our affirming the denial of the extension, the denial of defendant’s motions to file an amended answer, withdraw admissions, file responses to requests for admissions and file answers to interrogatories need not be reviewed.
Judgment affirmed.

. Mass. R. Civ. P., Rule 36(a), states that each request for an admission is admitted unless the responding party serves a written response within 30 days after service of the request for admission, or, as in this case, 45 days after service of process if the request for admissions are served with the complaint.

 While the answer to the complaint may have been available in the court file to state defenses to summary judgment, such answer was not included in the record, and, therefore not open to review.